JAMES A. BRUNO
vs.
LEMUEL A. WELLS

JAMES McKINNON
vs.
LEMUEL A. WELLS

Superior Court      New Haven County      File #51827
                                          #51828

Present:   Hon. ARTHUR F. ELLS, Judge.

John H. Sheehan,            Attorney for the Plaintiffs.

Martin E. Gormley,          Attorney for the Defendant.

## MEMORANDUM FILED MAY 3, 1937.

ELLS, J.  Humphrey Street is    feet wide, from curb to curb.  Mrs. Wells had backed her car out of a driveway on the north and had stopped it when its rear wheels were fifteen feet from the south curb.  Intending to turn to the left toward Whitney Avenue, she looked to the left and to the right, and seeing no car approaching, was in the midst of making a slow turn when the plaintiff's car, coming up very fast from the rear, tried to squeeze in between her car and the curb, and a car parked at the curb just ahead, and came in slight contact with plaintiff's car.  The damage to the cars was negligible, and the injury if any to the plaintiff driver and passenger inconsequential.

Clearly the driver, the plaintiff McKinnon, cannot recover, for he was grossly negligent.  He saw or should have seen the situation Mrs. Wells was in, but took a chance.  It was an especially reckless gamble because of his high rate of speed.

Bruno, the passenger, must prove Mrs. Wells was negligent, and that it was a substantial factor in producing the injury. Did she fail to keep a reasonable lookout for the oncoming car?  She was in a dangerous position, athwart the road, and owed a degree of care proportioned to the danger.  The inquiry is whether in the exercise of reasonable care she ought to have seen the oncoming car, and to have remained stationary until it had passed in safety in front of her.  It was traveling at least forty miles an hour or sixty feet a second.  It was therefore so far down the road that had she seen it she would have been entitled to assume, in the exercise of reasonable care, that she had plenty of time to make her turn in safety. If this conclusion is sound, it relieves her from the duty of looking constantly to the right while making the turn.

The issue is a close one, but I conclude the plaintiff Bruno has failed to prove this element of his case.  Had he done so, I might still be forced to the conclusion that his driver's conduct was the sole proximate cause of the injury.  And again, if he prevailed, a top figure for his judgment would be $100.

There is an additional feature of interest. Bruno says he was the owner of the car. It is a fair inference from the testimony that the driver, McKinnon, was his servant and agent and was driving the car in the course of his employment, with the owner, Bruno, sitting on the front seat beside him, or at least that there was a joint enterprise. In such a situation the driver's negligence will bar the owner from recovery.

Judgment is for the defendant, in each case.